# Central of Georgia Ry. Co. *v.* Lanier.

### Injury to Passenger.

(Decided January 18, 1917.   73 South. 821.)

1. **Evidence; Best and Secondary.**—An attempt to show by secondary evidence that a regulation of the Interstate Commerce Commission prohibited the use of script between certain points was properly excluded on that ground.

2. **Carriers; Selling Wrong Ticket; Variance.**—Where plaintiff declared for a wrong done him by defendant's agent at Birmingham in selling him mileage script he could not use in the purchase of a ticket for his return trip and it was clear from plaintiff's version of the facts that whatever wrong was done him was done by the agent at Meldrim and not at Birmingham and that the wrong was of a different character than that alleged (the wrong alleged being, the refusal to accept script for a ticket rather than the wrongful sale of the script) the railroad company was entitled to the general charge as to all counts in the complaint declaring as for the wrong in selling script that plaintiff could not use in the purchase of a return ticket.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by J. D. Lanier against the Central of Georgia Railway Company for damages for selling him the wrong script. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 449.

LONDON & FITTS, for appellant.   MCARTHUR & HOWARD, for appellee.

SAYRE, J.—Plaintiff, appellee, traveled with his wife from Birmingham in this state to Lanier in Georgia.   His route was over defendant's line to Meldrim in Georgia, a few miles out of Savannah, thence over the Seaboard, an intersecting line, to Lanier.   At Birmingham he paid for his wife's ticket with money; for himself he bought scrip for 1,000 miles with which, as defendant's regulation required, he offered to buy a ticket to Lanier; but neither he nor defendant's agent being able to recall the name of the station at the intersection of the two roads, he asked for and got a ticket of the ordinary kind to Lanier via

[Central of Georgia Ry. Co. v. Lanier.]

Savannah for which he surrendered a due proportion of his mileage scrip. However, at Meldrim he changed from defendant's road to the Seaboard without going into Savannah. On the return trip, plaintiff, intending to change again from one line to the other without going into Savannah, got into trouble at Meldrim. At that point he offered to pay with his mileage scrip for a ticket for himself to Birmingham; but defendant's agent refused to accept payment in that way on the ground that he had no authority to take anything but money. Plaintiff had not the money with which to buy tickets for himself and wife; the consequence being that he was delayed until he could get the money from Birmingham. The foregoing is plaintiff's version of the facts, substantially, and upon these facts he declared as for the wrong of defendant's agent at Birmingham in selling him mileage scrip he could not use in the purchase of a ticket for his return trip.

(1, 2) Defendant has urged a number of objections to the judgment rendered against it. It offered to show that a regulation of the Interstate Commerce Commission prohibited the use of mileage scrip between Birmingham and Meldrim. Without passing upon the effect of the fact defendant offered to prove, it will suffice to say that the court properly excluded the evidence on the ground that it was secondary. This alleged fact out of the way, and plaintiff's version of the facts otherwise accepted, it seems clear that whatever wrong was done to plaintiff was done by defendant's agent at Meldrim and not by its agent at Birmingham. The wrong if any there was, was also of a different character from that alleged in counts 1 and 3 upon which the case was submitted to the jury; indeed, the averment that defendant's agent at Birmingham negligently furnished plaintiff with a mileage book upon which he was not entitled to transportation to Lanier and return negatived any wrong or negligence on the part of the agent at Meldrim in refusing to accept the mileage scrip for a ticket to Birmingham. Moreover, it was not made to appear that plaintiff was entitled at Meldrim to pay for a ticket to Birmingham except in the usual way, i. e., in money. Plaintiff used his mileage scrip in paying for his ticket from Birmingham to Lanier, and if the complaint be construed, conformably with plaintiff's insistence, as alleging that he applied for a mileage book that would entitle him to transportation to Lanier and return, via Meldrim, there was no evidence

that his mileage could not have been so used. That it was used in going to Lanier, via Meldrim, is not denied, and there is no evidence that, if plaintiff had applied to the agent of the Seaboard at Lanier for a ticket to Birmingham, via Meldrim, in exchange for his mileage, he would not have obtained it. It results, in our judgment, that on counts 1 and 3 defendant was entitled to the general charge in writing as requested.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.